**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SUSAN MANCHESTER, TRUSTEE ) <br> RED ROCK RIG 101, LTD., ) <br> ) <br>      **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> UNIBRIDGE SYSTEMS, INC., ) <br> DRILLMASTER, LLC and ) <br> LARRY J. HAMILTON, individually and ) <br> d/b/a Unibridge, Inc., ) <br> ) <br>      **Defendants/** ) | Case No. CIV-07-134-R |

## <u>ORDER</u>

This matter comes before the Court on the Motion to Compel, filed by Plaintiff. Defendant responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

With regard to Plaintiff's first request for production, Defendant is hereby ordered to produce to Defendants all documents responsive to that inquiry and not previously provided by the Defendants to the Plaintiff **during the course of this litigation**. It is unclear from the parties' representations whether Defendant produced responsive documents, as inferred from their response to the motion to compel, or whether Defendant is relying on the fact that certain witnesses may have provided documents that are responsive to the requests in conjunction with their depositions. As such, Defendants are hereby ordered to respond fully to Request for Production No. 1, without regard to whether Plaintiff may have received these documents from other sources or from Defendants themselves prior to the onset of this

litigation. Any responsive documents not previously produced by Defendants shall be produced within ten days of entry of this order.

In Request for Production No. 2, Plaintiff sought "[a]ll design drawings, engineering drawings, engineering calculations, and other documents utilized in the fabrication and/or erection of rig 101, including but not limited to drawings from Noble Drilling and Woodrow Wilson, Jr. and/or Inspection International." In response Defendants argue that drawings do not exist for all aspects of the rig and those that do exist are proprietary in nature and are not reasonably calculated to lead to the discovery of admissible evidence, irrelevant and beyond the scope of discovery authorized by the code." The Court disagrees with Defendants' position. First, to the extent drawings do not exist, they clearly cannot be produced. However, the instant litigation is the result of a dispute between Plaintiff and Defendants regarding Defendants' attempt to build a rig and Plaintiff's perception that resources have either been wasted or improperly charged to the rig. As such, the drawings utilized for Rig 101 are clearly relevant. Further, Defendants have not established that the information sought truly is proprietary, and an agreed protective order should protect the information from dissemination outside this case or from improper usage by parties to this litigation.

In Request for Production No. 6, Plaintiff requested all invoices received by Defendants from any vendor for Rig 101, including but not limited to invoices for steel and other raw materials, and documents reflecting that steel purchased for Rig 101 was actually incorporated onto Rig 101. In response to the motion the Defendants state that "notebooks of invoices have been produced and steel inventory issues were addressed with Plaintiff's

auditor." To the extent that any additional invoices or documentation exists regarding steel purchased for Rig 101 and which steel purchases were actually incorporated into Rig 101, Defendants are hereby ordered to provide such documents to the Plaintiff.

In Request for Production no. 12, Plaintiff sought all incomes statements, profit and loss statements and balance sheets for the Defendants from January 1, 2006 until the present. Defendants objected, asserted the information is privileged and much of the information is unrelated to the contract between Plaintiff and Unibridge for the construction of Rig 101. Defendant further asserts that financial information relevant to the determination of sales expense and G&A expense should be subject to protective order.

The Court concurs that Plaintiff has requested substantial information regarding Defendants' business operations. However, because the method utilized by Defendants in calculating its sales expense and its general and administrative expenses (G&A) is a point of great contention in this litigation, and because calculation of these expenses with regard to Rig 101 may be relative to Defendants' other projects , the Court concludes that Plaintiff is entitled to the requested information, upon entry of a protective order.

In Request for Production no. 27, Plaintiff sought all quotes received by any Defendant from any prospective Vendor for any equipment, material or supplies. Defendants object to the request, asserting that Plaintiff has waived the right to challenge the use of materials and contractors because it had a man on the yard at all times. Defendant has not established that responding to Plaintiff's request will be unduly burdensome, and in light of the nature of this dispute and the great disparity between the anticipated cost of Rig 101 and

the actual cost of the rig as invoiced by Defendants, the Court finds that Plaintiff is entitled to discovery of the quotes provided by prospective vendors with regard to Rig 101.

For the reasons set forth herein, Plaintiff's motion to compel is granted, as set forth more fully herein.

IT IS SO ORDERED this 17th day of March 2008.

_/s/ David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE