**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SUSAN MANCHESTER, TRUSTEE )<br>RED ROCK RIG 101, LTD., )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>UNIBRIDGE SYSTEMS, INC., )<br>DRILLMASTER, LLC and )<br>LARRY J. HAMILTON, individually and )<br>d/b/a Unibridge, Inc., )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants/ ) | Case No. CIV-07-134-R |

**ORDER**

This matter comes before the Court on the Motion to Compel Testimony of Non-party Deponent, filed by Plaintiff. Therein Plaintiff seeks to compel testimony from the Central National Bank of Alva, a non-party deponent. Defendants object to Plaintiff's request. Having considered the parties' submissions, the Court orders as follows.

Central National Bank has provided a series of loans to Defendants, including some directly related to Rig 101, the focus of the instant dispute between the parties. Plaintiff alleges that all of the loans, including those related to Rig 102 and those unrelated to either rig, are collateralized or cross-collateralized by the rigs, the contracts for the rigs, and the rigs' components. On February 15, 2008, Plaintiff took the deposition of a representative of Central National Bank, and the representative refused to answer certain questions regarding its discussions with Defendants. At the deposition, the representative of Central National Bank testified that the Bank claims a 3.2 million dollar security interest in Red Rock Rig 101.

After inquiring into the loans made by Central National Bank to Defendants for the drawworks, engines, and operating expenses, Plaintiff's counsel inquired into discussions between Central National Bank and Larry Hamilton about the possibility of selling Rig 101.

> Q: Did you have any discussion with him [Defendant Larry Hamilton] about selling the rig?
> MS. RIFFEL: Objection. I think anything that -- I don't know whether there were any conversations or not. But if it has anything to do with settlement negotiations I'm going to object to it, because that would be confidential, and it's not discoverable.
> MR. KROEMER: First of all, there's no settlement discussion privilege. And, secondly, to the extent that settlement discussion may not be admissible into evidence, those are settlement discussions between the parties to the litigation, not informational discussions with third-parties.
>     So, I'm going to ask the attorney for the Bank, are you going to let the Witness answer the question?
> MR. SMITHTON: I'm going to instruct him not to answer. I just want to be sure we don't disclose any information that we are not supposed to disclose.
> Q: (By Mr. Kroemer) Did you ever have any discussions with Mr. Hamilton about getting this rig out and working?
> MS. RIFFEL: Same objection. If it had anything to do with settlement, and I don't know if it did or not, but I'm going to object.

Deposition transcript, p. 35-36. At a later time in the deposition, counsel asked Mr. Wagner whether he and Mr. Hamilton ever discussed the prospect of Central National Bank lending money to Unibridge to buy out or rescind the agreement on Rig 102. Defendants' counsel objected that the information was not discoverable on the basis of relevance and confidentiality.[1]  Tr. 61-62. Mr. Wagner was instructed not to answer any questions regarding Central National Bank's willingness to lend money to Defendants to buy out or rescind the Rig 102 agreement.

---

[1] A motion similar to this is pending the in the parallel litigation regarding Rig 102.

With regard to questions devoted solely to Rig 102, the Court concludes that the information sought is not relevant to the outcome of this litigation involving Rig 101. Furthermore, the parties have a motion similar to this pending before United States District Judge Timothy D. DeGuisti, and thus the issues are best addressed by Judge DeGuisti. However, with regard to Plaintiff's inquiries into discussions between Larry Hamilton and Roger Wagner about selling Rig 101 or getting the rig out and working, the Court concludes that the information is relevant and not subject to any privilege, and thus it is discoverable by Plaintiff. As noted by Plaintiff's counsel at the deposition, Federal Rule of Evidence Rule 408, which addresses the admissibility of compromise or offers to compromise, does not protect the disclosure of the information sought by Plaintiff.

The Court concurs that there is a strong public policy in favor of the settlement of litigation. However, given the nature of this dispute, the large discrepancy in the parties' expectations with regard to the cost of constructing Rig 101, and the number of loans extended by Central National Bank to Defendants, both related to and unrelated to but secured by assets including Rig 101, the Court concludes that Plaintiff is entitled to discovery of the conversations, if any, between Central National Bank and Defendants regarding the sale of Rig 101 or placing the rig out for work. Accordingly, and for the reasons set forth herein, Plaintiff's motion to compel is granted with regard to information sought regarding Rig 101. With regard to questions specifically addressing Rig 102, the motion to compel is denied.

The motion to compel is granted in part and denied in part.

IT IS SO ORDERED this 25th day of March, 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE